UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE ROBINSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:08CV97 HEA |
| MISSOURI DEPARTMENT OF TRANSPORTATION and CONNIE ALMOND, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Insufficiency of Service of Process, [Doc. No. 9] and Motion to Dismiss, [Doc. No. 12]. Plaintiff has not responded to the Motions in accordance with this Court's Local Rules. For the reasons set forth below, the Motion to Dismiss is granted and the Motion to Dismiss for insufficiency of Service of Process is denied as moot.

Plaintiff attempts to bring this Civil Rights Action against the Missouri Department of Transportation, (MoDot) and Connie Almond, Plaintiff's supervisor, for failure to promote him and retaliation (MoDot) and for alleged name calling (Almond), based on Plaintiff's race.

MoDot is not a legal entity capable of being sued pursuant to RSMo § 226.100.[1] The Missouri Highways and Transportation Commission is an entity capable of filing suit and may be sued.

With respect to Defendant Almond, Defendants are correct that a Title VII action does not lie against individual supervisors. Title VII "does not provide for an action against an individual supervisor, *Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir.1998)[.] *Van Horn v. Best Buy Stores, L.P.* 526 F.3d 1144, 1147 (8th Cir. 2008).

---

[1] Section 226.100 provides:

The principal office of the commission shall be in the City of Jefferson, Missouri. The said office shall be provided and assigned by the board of public buildings which board may rent or lease offices, if it be found necessary. The commission shall have a seal bearing the inscription, "Missouri Highways and Transportation Commission", which shall be in the custody of the secretary, and shall be affixed to all official documents of the commission, or of the director, and to such other instruments as the commission shall direct. The courts of this state shall take judicial notice of said seal. The commission may sue and be sued in its official name, and for the purpose of suit and other legal proceedings, service may be had on the secretary. The commission shall be supplied with all necessary books, maps, charts, stationery, office furniture, telephone and other necessary appliances, supplies and incidentals, to be paid for in the same manner as other expenses authorized by chapters 226 and 227, RSMo. Each of the members of the commission, the secretary and the director shall have power and authority to administer oaths in all parts of the state, so far as such authority is incidental to the performance of their duties.

Plaintiff's naming of MoDot instead of the Missouri Commission is not, however, fatal. Plaintiff will be given leave to file an Amended Complaint properly naming the entity capable of being sued. Plaintiff shall be responsible for the effectuation of service on said agency.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No.12] is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Insufficiency of Service of Process, is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Connie Almond is dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Memorandum and Order to file an Amended Complaint as provided herein.

Dated this 16th day of September, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE