UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIE ROBINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:08-CV-97-SNLJ |
| MISSOURI HIGHWAYS AND TRANSPORTATION COMMISSION, | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff has filed this employment discrimination suit against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* This matter is before the Court on defendant Missouri Highways and Transportation Commission's motion for summary judgment (#42), filed on October 9, 2009. Plaintiff has not filed a response to defendant's motion, and now this matter is ripe for disposition.

**I. Case Summary**

Plaintiff has been an employee of the Missouri Department of Transportation since 1978, and currently holds the title of Senior Maintenance Worker in district 10, a district in the southeast division of the state and headquartered in Sikeston. Defendant Missouri Highways and Transportation Commission oversees the Missouri Department of Transportation. Plaintiff has received non-competitive career promotions over his career, ascending from entry-level maintenance worker to the highest non-competitive position, Senior Maintenance Worker. Plaintiff began to apply for various competitive managerial positions without success. Frustrated

by his efforts and perceiving various forms of discrimination towards him, he has brought suit against the defendant in response to four consecutive rejections in the hiring process.

Although the amended complaint is factually vague, between May 2005 and August 2007, plaintiff applied for four separate positions. Plaintiff applied for the Crew Leader position in Kewanee around May 2005, the Crew Leader position in Sikeston around July 2006, the Maintenance Supervisor position in Charleston around August 2007, and the Crew Leader position in Sikeston around August 2007. In bringing suit, plaintiff has alleged various forms of discrimination, including race, retaliation, age, and sex. With one exception, the Crew Leader position of July 2006, plaintiff has failed to file a complaint with the Equal Employment Opportunity Commission, instead choosing to bring suit directly against defendant. Plaintiff filed his amended complaint (#17) on September 22, 2008, and defendant submitted the motion for summary judgment on October 9, 2009, to which plaintiff failed to respond. Defendant's counsel also advises the Court that in a conversation on October 21, 2009 the plaintiff told defendant's counsel that he was "probably just going to let this drop."

Plaintiff has placed himself at a fatal disadvantage by failing to respond to defendant's motion. According to Rule 56(e)(2) of the Federal Rules of Civil Procedure, an opposing party may not rely merely on its pleading, but must respond with affidavits or otherwise to set out specific facts that would show a genuine issue for trial. If the non-moving party fails to respond, "summary judgement should, if appropriate, be entered against the party." Bearing this in mind, the Court now turns to the defendant's motion for summary judgment.

## II. Summary Judgment

Without delving deeply into the merits of the amended complaint, suffice it to say that plaintiff's claims of discrimination fail on various procedural grounds. In Missouri, a

complainant has 300 days from the date of discrimination to file a charge with the Equal Employment Opportunity Commission. *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002). Plaintiff failed to file a timely charge with the EEOC within the statutory period for the 2005 Kewanee position, the 2007 Charleston position, and the 2007 Sikeston position. For each of the claims based on these job applications, plaintiff has failed to exhaust his administrative remedies. Though failure to exhaust administrative remedies is not a jurisdictional prerequisite, it is treated as an affirmative defense. *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007). Furthermore, the 2007 Charleston position and 2007 Sikeston position were not even alleged in the amended complaint, but rather were alleged in plaintiff's deposition. With respect to the 2006 Sikeston position, plaintiff timely filed a charge with the EEOC, Charge No. 28E-2007-00414C, but only alleged that he was discriminated against on the basis of sex. Plaintiff received a Notice of Rights letter by July 1, 2007, for this claim, but did not file a suit until over a year later. Though plaintiff was timely in the EEOC filing, he failed to file this suit within the statute of limitations, which is ninety days after receipt of the Notice of Rights letter from the EEOC. 42 U.S.C. §2000e-5(b), (f)(1). In sum, plaintiff has failed to timely file on each and every one of his allegations. Regardless of the merits of plaintiff's claims, for which there are numerous deficiencies, defendant is entitled to judgment as a matter of law as to each of plaintiff's claims.

Dated this __16th__ day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE